IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10519
Conference Calendar
_____


BRENDA DOLENZ HELMER,

                                        Plaintiff-Appellee,

versus

BERNARD J. DOLENZ ET AL.,

                                        Defendants.

BERNARD J. DOLENZ, Trustee,

                                        Defendant-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Intervenor Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-785-E
--------------------
June 14, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bernard J. Dolenz appeals the district court's orders
dismissing him as a party to the instant interpleader action and
denying his motions to remand the case and for recusal of the
district judge.  The Government argues that this court lacks

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appellate jurisdiction because these orders are interlocutory orders which were not certified by the district court, pursuant to Fed. R. Civ. P. 54(b).

Although the orders appealed from were not appealable orders at the time Dolenz's notice of appeal was filed, the subsequent entry of a final judgment disposing of all claims and parties to the action renders the jurisdictional issue moot. Dolenz was properly dismissed as a party to the action because he disavowed any interest in the money underlying the interpleader, stripping himself of any personal or legal interest in the outcome of the suit, thereby depriving himself of standing to continue and divesting the district court of jurisdiction over him. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The district court did not err in not giving Dolenz notice or an opportunity to be heard before dismissing him for lack of standing. See Sommers Drug Stores Emp. Profit Sharing Trust v. Corrigan, 883 F.2d 345, 348 (5th Cir. 1989). Dolenz's contention that he should have been allowed to adjudicate the issue of his indebtedness to the other parties is frivolous because the issue was irrelevant to the interpleader action and could not have been adjudicated therein.

The district court's order dismissing Dolenz is AFFIRMED. Dolenz's argument that the district court erred in denying his motions to remand and for recusal are not addressed as he lacks standing to appeal those orders.

AFFIRMED.